**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE REFRIGERATION, AIR CONDITIONING & SERVICE DIVISION (UA-NJ) PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MAP REFRIGERATION, INC., <br><br> Defendant. | Civil Action No. 18-1061 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Trustees of the Refrigeration, Air Conditioning and Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund, and Education Fund's ("Plaintiffs" or the "Funds") Second Motion for Default Judgment ("Motion") against MAP Refrigeration, Inc. ("MAP Refrigeration" or "Defendant"). (ECF No. 8.) Defendant has not appeared in this action. The Court has carefully considered Plaintiffs' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion for default judgment is granted.

## I.     Background

This is a civil action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1, ECF No. 1.) Plaintiffs filed a lawsuit against MAP Refrigeration for collection of a surety bond or alternative security guaranteeing Defendant's obligations to make payments to Plaintiffs pursuant to an Insider

Agreement between MAP Refrigeration and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada who are affiliated with Plaintiffs. (Pls.' Moving Br. 4, ECF No. 8-1.)

Plaintiffs allege the Insider Agreement required Defendant to increase its security bond to $44,000 or provide a cash deposit to secure Defendant's obligation to make payments to the Funds. (Compl. ¶ 16.) Plaintiffs further allege that Defendant refused to comply with the security bond demand after Plaintiffs provided written notice. (*Id.* ¶¶ 18-20.) Plaintiffs seek: (1) a preliminary injunction enjoining Defendant from violating the terms of the Insider Agreement and ordering Defendant to post a surety bond, cash bond or equivalent in the principal sum of $44,000, with Plaintiffs as obligees; (2) an order requiring Defendant "to specifically perform all obligations to the Funds under the Insider Agreement"; and (3) an order requiring Defendant to pay Plaintiffs' reasonable attorneys' fees. (*Id.* ¶ 27.)

Plaintiffs served Defendant with the Complaint on February 17, 2018 (ECF No. 4), but Defendant failed to respond or otherwise appear. The Clerk entered default on March 28, 2018. Plaintiffs previously moved for default judgment (ECF No. 6), but this Court denied Plaintiffs' motion based on deficiencies in the record and the lack of a legal brief pursuant to Local Civil Rule 7.1 (Dec. 17, 2018 Order, ECF No. 7). In the instant motion, Plaintiffs again move for default judgment against Defendant, relying on a brief and certification in support. (ECF No. 8.)

## II. Discussion

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it after default has been entered by the Clerk of Court. Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.3d 1178, 1180 (3d

Cir. 1984). In exercising its discretion, the court must consider: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether [the] defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Before a court can enter default judgment, however, it must consider "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). "A consequence of the entry of a default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted).

Section 301 of the LMRA provides United States District Courts with jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185. Taking the factual allegations of Plaintiffs' Complaint as true, Plaintiffs have established that Defendant violated the LMRA by failing to increase the amount of the bond pursuant to the Insider Agreement. Also, taking the factual allegations of the Complaint as true, Plaintiffs have established a legitimate claim and have provided a sufficient basis for this Court to determine the amount of damages and attorneys' fees and costs.

With respect to the default judgment factors, the Court finds that Plaintiffs would be prejudiced, absent default judgment, because Plaintiffs have no alternative means of vindicating their claim against Defendant. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). Next, Defendant does not appear to have a litigable defense. Finally, Defendant's failure to defend demonstrates culpable conduct. *See Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012).

3

Plaintiffs, accordingly, have demonstrated entitlement to relief in the form of the increase in the bond amount from $21,000 to $40,000.

Plaintiffs also seek $824 in attorneys' fees and $540.63 in costs. In support of this request, Plaintiffs submitted the Affidavit of W. Daniel Feehan, Plaintiffs' counsel, and supporting documentation. (Feehan Aff. ¶ 12, ECF No. 6-1.) The Court finds that Plaintiffs are entitled to attorneys' fees and costs pursuant to 28 U.S.C. 1132(g). The Court, however, finds that Plaintiffs are not entitled to broad injunctive relief.[1]

### III. Conclusion

For the reasons set forth above, it is hereby ordered that Plaintiffs' motion for default judgment against Defendant is granted. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 31, 2019

---

[1] Plaintiffs' Complaint seeks injunctive relief (Compl. ¶ 27) and Plaintiffs' proposed form of order includes injunctive provisions (Proposed Form of Order, ECF No. 8-3). Plaintiffs' brief in support of their motion, however, does not analyze the relevant factors for injunctive relief and does not explain why such broad-reaching relief would be appropriate under the facts of the present case. In the exercise of its discretion, and for other good cause shown, the Court, therefore, denies without prejudice Plaintiffs' request for injunctive relief.